UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANET CAGE** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| **VERSUS** | * | **NUMBER: 07-5983** |
| | * | |
| | * | |
| **AMERICAN SECURITY INSURANCE CO.** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand. For the following reasons, the Plaintiffs' motion is now DENIED.

**I.   BACKGROUND**

This case arises out of an insurance dispute regarding property damage related to Hurricane Katrina. On August 28, 2007, Plaintiff filed suit in Orleans Parish Civil District Court, alleging that Defendant acted arbitrarily, capriciously and in bad faith in failing to timely adjust her claim under the terms of her policy. Defendant has paid a total of $5,516.18 to plaintiff under the policy, which has a coverage limit of $70,000. In her complaint, Plaintiff requested punitive and treble damages pursuant to Louisiana law. Defendant removed the case to this Court on September 26, 2007, asserting diversity jurisdiction under 28 U.S.C. § 1332. The Plaintiff now moves to remand this case to state court, arguing that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the $75,000 amount-in-controversy requirement is not satisfied.

**II.     LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.* 989 F.2d 812, 815 (5th Cir. 1993). The removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995).

Defendant contends that this Court has diversity jurisdiction over this case because complete diversity exists and the amount in controversy exceeds $75,000. Plaintiff does not dispute that diversity of citizenship exists, but argues that the amount-in-controversy requirement is not satisfied in this case.

Under Louisiana law, plaintiffs may not claim a specific dollar amount of damages in their complaint. *Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773 (5th Cir. 2003). Therefore, in this Circuit, a defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993). The defendant may satisfy its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely to be above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

Plaintiff argues that because her policy limit is $70,000, of which more than $5,000 has already been recovered, the amount-in-controversy requirement is not met. However, Louisiana

law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim, and Plaintiff has requested such damages. This Court must consider these fees and penalties when it assesses the amount in controversy. *Nguyen v. Allstate Ins. Co.,* 2007 WL 274799, *2 (E.D. La. Jan. 29, 2007) (citing *Poynot v. Hicks,* 2002 WL 31040174, *3 (E.D. La. Sept. 12, 2002)). Under La. Rev. Stat.§ 22.658, an insurer is liable for an additional penalty of 25% or 50% of the damages if it arbitrarily, capriciously or without probable cause failed to pay plaintiff's claim. Additionally, under La. Rev. Stat. § 22:1220, an insurer is liable for twice the damages sustained if the insurer refused to settle the claim in bad faith. In the present case, Defendant could be liable for more than $150,000 under these statutes. Therefore it is facially apparent that the amount in controversy is more than $75,000.

When a defendant has met the burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1411-12. Under *De Aguilar,* a plaintiff who wants to prevent removal must file, along with the complaint, a binding stipulation that the claim is for less than $75,000. 47 F.3d at 1412. Because Louisiana plaintiffs are not limited to recovery of damages requested in their pleadings, such plaintiffs must also affirmatively renounce their right to accept a judgment in excess of $75,000 in order to defeat removal. *Davis v. State Farm Fire & Cas.,* 2006 WL 1581272 at *2 (E.D. La. June 7, 2006). In the present case, Plaintiff has made a conditional offer to stipulate that she will waive her right to recover penalties and attorney's fees, on the condition that defendant agrees to pay the remaining amount available under the policy. Plaintiff's conditional offer is not an affirmative, binding stipulation that establishes with legal certainty that the claim is for less than $75,000. Therefore, the Court finds that the Defendant has demonstrated that the amount-in-controversy exceeds $75,000.

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this 21st day of November , 2007.

UNITED STATES DISTRICT JUDGE